**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 15-44 (JEB)** |
| **JAMAL A. ADAMS, a/k/a ISHMAEL HERU-BEY,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

Defendant Ishmael Heru-Bey, formerly known as Jamal Adams, was named in a superseding indictment charging him with one count of corruptly endeavoring to obstruct and impede the internal-revenue laws and two counts of attempting to evade or defeat taxes. A jury ultimately convicted him of the first and acquitted him of the latter two. He now moves for a new trial on the ground that the Court improperly responded to a jury note during deliberations. More specifically, Heru-Bey contends that the Court should have instructed the jury that it must unanimously agree on at least one of the specific means by which he acted to obstruct or impede the laws. Because Defendant did not initially seek such a unanimity instruction and because one would not have been legally correct, the Court will deny his Motion.

## I.      Background

The count at issue here is the first in the superseding indictment, which is labeled "Corrupt Endeavor to Obstruct and Impede the Internal Revenue Laws," in violation of 26 U.S.C. § 7212(a). See ECF No. 17 at 1, 2-3. (Because Heru-Bey legally changed his name from Jamal Adams only after many of the charged actions had occurred, the indictment refers to him as Adams. Given that his name is actually Heru-Bey, that is what the Court will call him.)

Count I alleges that, from 2005-15, Defendant, then an officer with the Metropolitan Police

Department, "did corruptly obstruct and impede, and endeavor to obstruct and impede, the due

administration of the internal revenue laws by various means, including, but not limited to . . ."

submitting false W-4 forms to his employer in four separate years, filing false documents in the

U.S. Bankruptcy Court, and filing U.S. Individual Tax Returns in two years that falsely claimed

unreimbursed employee expenses.  See id. at 2-3.  Counts II and III, furthermore, charged Heru-

Bey with attempting to evade or defeat taxes in two different years.  See id. at 4-5.

The case eventually proceeded to trial on October 5, 2015.  At the close of the evidence

on October 8, the Court, having previously handed out to the parties a draft of the jury

instructions, held a charging conference and permitted both sides to raise objections and propose

changes.  The instruction ultimately given for Count I read as follows:

> The defendant is charged with Corruptly Endeavoring to Obstruct
> and Impede the Internal Revenue Laws by various means, including
> (1) submitting false Forms W-4 to the Metropolitan Police
> Department on or about February 1, 2006, February 3, 2008, January
> 1, 2009, and March 11, 2010, in which he falsely claimed he was
> exempt from federal income tax withholding; (2) filing documents
> with the United States Bankruptcy Court for the District of
> Columbia on or about June 10, 2010, in which he failed to report his
> income tax debts due and owing the United States and the fact that
> the IRS was a creditor; and (3) filing false U.S. Individual Income
> Tax Returns, Forms 1040, with the Internal Revenue Service for the
> years 2011 and 2014, in which he falsely claimed that he incurred
> unreimbursed employee expenses.
>
> The elements of this count, each of which the government must
> prove beyond a reasonable doubt, are that:
>
> 1. Mr. Heru-Bey endeavored to obstruct or impede the due
> administration of the internal revenue laws.  To "endeavor" means
> to act knowingly and intentionally – that is, not by mistake or
> accident. "The due administration of the internal revenue laws"
> means the Internal Revenue Service's efforts to fulfill its lawful
> functions, which includes determining the defendant's income and
> calculating, assessing, and collecting taxes on that income;

2. The defendant's actions – even if not successful – had a reasonable tendency to obstruct or impede the due administration of the internal revenue laws; and

3. The defendant acted corruptly – that is, with the purpose of obtaining an unlawful benefit for himself or someone else. The specific actions taken by the defendant need not be illegal, but they must have been done with the purpose of securing an unlawful benefit.

The government does not have to prove that the defendant's actions achieved their desired result or had an adverse effect on the Internal Revenue Service.

ECF No. 37 (Final Jury Instructions) at 7-8. At no point in the conference did Defendant ask for a unanimity instruction. That is, he never requested that the Court instruct the jury that all jurors must agree on which specific means (or act) specified in the first paragraph of the instruction was taken to obstruct or impede the laws. The Court thus gave the jury the above instruction on the morning of October 9.

On that same afternoon at 2:08 p.m., the jury sent a written note to the Court, which stated:

Question on count 1[:]

The opening paragraph includes 3 "means" by which the defendant corruptly endeavored to obstruct and impede the Internal Revenue Laws, namely A) false W-4s[,] B) false documents to bankruptcy court, and C) false tax returns.

Our question is, do we need to find that all of A, B, and C each meet each of the 3 elements of the count to find him guilty? That is, if we find the defendant guilty of A, but not guilty of B and not guilty of C, must we find the defendant not guilty of count 1? Or do we find him guilty of count 1 because we found him guilty of A?

ECF No. 34 (Jury Notes) at 2 (emphasis original).

The Court summoned the parties to the courtroom to give them the note and to discuss a response. It first pointed out that the "government doesn't need to prove that he has committed

3

all of the offenses here."  Appendix to Opinion (Trial Transcript) at 1:20-21.  Although the defense agreed with that premise, it argued that the jury nonetheless needed to be unanimous on which of the means was used.  See id. at 2:6-7, 12-13.  The Court then asked the Government about its position on giving such a response to the note.  See id. at 2:20-3:3.  The Government rejoined that there was a case that stood for the contrary position, which the Court identified as coming from the 10th Circuit.  See id. at 3:4-9.  (The Court initially called the case "Williams," but soon thereafter clarified that the case was Sorensen, which is discussed below.  See id. at 5:23-6:7.)  The Court then asked the Government how it wished to proceed, given that it might still tactically prefer the unanimity instruction for appellate purposes.  See id. at 3:14-25.  The Government indicated that it did not wish such instruction, see id. at 4:3-4, and the Court agreed that the law supported its position.  See id. at 5:5-12.  It thus responded to the note in this fashion: "The government must prove beyond a reasonable doubt all three elements of Count I. But the government need not prove all three of the means listed."  Id. at 7:6-8.  While the Court did not give a unanimity instruction, it also did not specifically tell the jurors that they could convict Heru-Bey even if they did not all agree on which means was employed.

The jury did not reach a verdict on October 9 and returned to its deliberations on October 13 after the Columbus Day holiday weekend.  It then issued its verdict that afternoon, convicting Heru-Bey of Count I but acquitting him of Counts II and III.  With sentencing set for January 2016, he now moves for a new trial.

## II.    Legal Standard

Federal Rule of Criminal Procedure 33(a) provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." According to our Court of Appeals, "Trial courts enjoy broad discretion in ruling on a motion for

a new trial." United States v. Wheeler, 753 F.3d 200, 208 (D.C. Cir. 2014) (citation omitted).

This is true in part because "[t]he rules do not define 'interests of justice' and courts have had

little success in trying to generalize its meaning." Id. (citation and internal quotation marks

omitted). At bottom, the D.C. Circuit counsels that "granting a new trial motion is warranted

only in those limited circumstances where a serious miscarriage of justice may have occurred."

Id. (citation and internal quotation marks omitted). This Court nonetheless believes that a clearly

erroneous and prejudicial jury instruction could well necessitate a new trial. See United States v.

Vicaria, 12 F.3d 195, 198-99 (11th Cir. 1994) (holding that district court did not abuse its

discretion in granting new trial after concluding that it had erroneously omitted particular jury

instruction).

## III.    Analysis

In seeking a new trial, Heru-Bey contends that the Court erred by failing to give a

unanimity instruction in connection with Count I. Although he concedes that he did not object to

the instructions before they were delivered, see Mot. at 2, he asserts that he should have been

given a second bite at the apple once the jury had submitted its note. See id. at 4-5. The

Government retorts that waiver precludes his argument here and that, alternatively, the Court

correctly decided, in response to the note, that a unanimity instruction was not warranted. See

Opp. at 2, 5. The Court analyzes each point separately.

### A.    Forfeiture

As a preliminary issue, although the parties describe Defendant's failure to request a

unanimity instruction as a question of waiver, it actually appears to be one of forfeiture. As the

Supreme Court has explained, "Waiver is different from forfeiture. Whereas forfeiture is the

failure to make the timely assertion of a right, waiver is the intentional relinquishment or

abandonment of a known right."  <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993) (citation and internal quotation marks omitted).  While this may be a distinction without a difference for purposes of this Motion, it is worth noting that Heru-Bey did not expressly abjure a unanimity instruction at the charging conference.

It is beyond dispute, nonetheless, that he never <u>asked</u> for such an instruction.  And, as the Government points out, the rules require that "[a] party who objects to any portion of the instruction or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection <u>before the jury retires to deliberate</u>."  Fed. R. Crim. P. 30(d) (emphasis added).  While this may be so, Defendant maintains that the jury's note provided him a new lease on life.  Since the jury asked whether it needed to find that he had obstructed or impeded the laws by <u>all three</u> means offered by the Government, as opposed to just one, Heru-Bey argues that the Court should then have explained that, although the jurors need not agree on <u>all</u> means, they must agree on at least <u>one</u> of the means.

The jury's note, however, never actually posed the unanimity question.  In other words, the note did <u>not</u> inquire whether all jurors had to agree on a particular means; instead, it simply asked whether they had to find Defendant had employed <u>all</u> means.  That is a separate question. As the Court characterized the note at the trial: "[T]here is no issue on unanimity within means. It's just whether they need to agree on all the means."  Tr. at 2:17-18.  Since the note did not request or require the Court to revisit the unanimity question, it had no obligation to do so.  It thus believes Defendant's prior forfeiture of the issue entitled the Court to respond to the note as it did.

B. <u>Merits</u>

Yet, an entirely independent basis exists for denying a new trial here.  This is because even if Heru-Bey is right that his urging of a unanimity instruction in response to the jury note vitiated any prior forfeiture, he still cannot prevail because such an instruction was not required. Although the Court did mention waiver in fashioning a response to the note, it also looked at the merits of the question – a point Defendant neglects in asserting incorrectly that "[t]he Court rejected Mr. Heru-Bey's position on the basis that he had previously waived the issue of unanimity," Mot. at 3 – and concluded that Defendant was not entitled to such an instruction, even if he had sought one at the charging conference.  This remains the Court's belief.

Contesting that position, Defendant attaches to his Motion an unpublished opinion from the Tenth Circuit, <u>United States v. Wood</u>, 384 Fed. App'x 698 (10th Cir. 2010), in which the district court <u>did</u> give a unanimity instruction in a case in which the defendant was similarly charged with corruptly endeavoring to obstruct and impede the internal-revenue laws.  The instruction stated, in relevant part: "'Your vote, then, need not be unanimous that the defendant committed all of the alleged acts.  Your vote must be unanimous, however, that the defendant committed at least one of the acts.  Moreover, your vote must be unanimous as to the same act.'" <u>Id.</u> at 707 (quoting instruction; emphasis supplied by appellate court deleted).

Although the district court gave the kind of instruction that Heru-Bey contends this Court should have given here, the Tenth Circuit never offered any opinion on its legal propriety.  The issue on appeal relating to the instruction had nothing to do with unanimity; instead, the question was whether a failure to file tax returns, standing alone, could constitute sufficient grounds for a conviction under the statute.  <u>Id.</u> at 708.  (The court opined that it likely could not, but that the Government's case was strong enough as to other means to survive plain-error review.)  So this

7

opinion offers no support for the proposition that the Tenth Circuit has endorsed a unanimity instruction in this type of case.

In fact, just the contrary proves true.  In <u>United States v. Sorensen</u>, 801 F.3d 1217 (10th Cir. 2015), the case upon which this Court relied during the trial, that same Tenth Circuit affirmed a conviction for obstructing or impeding internal-revenue laws.  In that case, the district court, just like the one in <u>Wood</u>, gave a unanimity instruction, to which the defendant had actually objected, although his tactical reason for doing so was not entirely clear.  <u>See</u> <u>id.</u> at 1235.  On appeal, the defendant argued that giving the instruction constituted error, and the Court of Appeals "agree[d] with [him] that the district court erred in giving the instruction."  <u>Id.</u> at 1237.  The court explained: "By requiring unanimity on a 'listed' means, the instruction also ignored the indictment's language charging that Sorensen violated § 7212(a) 'by the following means, <u>among others</u> . . . .'"  <u>Id.</u> (emphasis original).  The indictment here, too, charged Heru-Bey with acting "by various means, including, but not limited to, the following . . . ."  Superseding Indictment, ¶ 7.  The Tenth Circuit nonetheless affirmed the conviction since the giving of the instruction "helped [Sorensen] and did not prejudice him" by "effectively increas[ing] the government's burden in proving its case."  <u>Sorensen</u>, 801 F.3d at 1237.  The key take-away here is that the Tenth Circuit believes a unanimity instruction is <u>improper</u> in relation to the count on which Heru-Bey was convicted.

This Court, of course, is not bound by what a panel sitting in a different part of the country holds.  Yet, such a decision appeared legally correct to the Court at the time of trial and does so now, too.  In <u>Richardson v. United States</u>, 526 U.S. 813 (1999), the Supreme Court considered whether a jury must unanimously agree on the specific violations that make up a continuing criminal enterprise under 21 U.S.C. § 848.  In doing so, it specifically distinguished

<u>elements</u> of offenses from <u>means</u> by which such elements are accomplished.  While a jury must be unanimous about the former, it typically need not agree on the latter: "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime."  <u>Id.</u> at 817; <u>see also</u> <u>United States v. Daniel</u>, 749 F.3d 608, 614 (7th Cir. 2014) (upholding district court's denial of request by defendant charged with scheme to defraud for unanimity instruction regarding specific fraudulent representation because such representations "were merely the means he used to commit an element of the crime"); <u>United States v. Davis</u>, 306 F.3d 398, 414 (6th Cir. 2002) ("[A]lthough there may have been various means by which Defendant aided and abetted in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary.") (citation omitted).

     As a result, Heru-Bey is not entitled to a unanimity instruction on the particular means he employed to obstruct or impede the internal-revenue laws.  While the Court thus believes such an instruction was not warranted here, at the very least it cannot find that its omission constituted a miscarriage of justice that would merit a new trial.

## IV.   Conclusion

     The Court will, accordingly, issue a contemporaneous Order denying Defendant's Motion.

/s/ <i>James E. Boasberg</i>
JAMES E. BOASBERG
United States District Judge

Date:  <u>December 15, 2015</u>