**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMAL A. ADAMS, a/k/a ISHMEAL HERU-BEY,**<br><br>Defendant. | Criminal Action No. 15-44 (JEB) |

**MEMORANDUM OPINION**

Three months ago, in response to a remand from the D.C. Circuit, this Court issued a Memorandum Opinion and separate Order finding that an error in the jury instructions at Defendant Ishmeal Heru-Bey's trial satisfied the final two prongs of plain-error review — namely, it both affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. The Court therefore vacated Defendant's conviction. The Government now moves for reconsideration of that decision, arguing initially that the Court lacked jurisdiction to vacate the conviction and also maintaining that it erred in concluding there was reversible plain error. Finding merit in the first contention but not in the second, the Court will grant in part and deny in part the Government's Motion.

**I.    Background**

As the relevant facts will be familiar to a reader of the Court's first Opinion, only a brief recitation is necessary here. In 2015, a jury returned a mixed verdict, convicting Heru-Bey only of one count of corruptly endeavoring to obstruct and impede the due administration of the internal-revenue laws in violation of 26 U.S.C. § 7212(a). See ECF No. 38 (Verdict Form). The Government offered three factual bases: first, Defendant submitted W-4 forms in 2006, 2008,

1

2009, and 2010 falsely claiming that he was exempt from federal-income-tax withholding; second, he filed a bankruptcy petition in 2010 in which he did not list the Internal Revenue Service as a creditor even though he had tax debts; and third, he filed tax returns in 2011 and 2014 in which he falsely claimed unreimbursed employee expenses. See ECF No. 77 (Transcript 5) at 18. The jury rendered only a general verdict and did not specify on which of those theories it relied.

Heru-Bey appealed. See ECF No. 59 (Notice of Appeal). While the appeal was pending, the Supreme Court decided Marinello v. United States, 138 S. Ct. 1101 (2018), which further elucidated the requirements for a conviction under § 7212(a). Specifically, it held that the Government must show a "relationship in time, causation, or logic" — *viz.*, a nexus — between a defendant's conduct and "a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." Id. at 1109 (citations omitted). The D.C. Circuit thus ordered supplemental briefing on the effect of Marinello on the jury instructions given in Defendant's case. See Briefing Order, United States v. Adams, No. 16-3021 (D.C. Cir. Mar. 27, 2018).

In that briefing, the Government conceded that the jury instructions — which lacked the nexus requirement — were "'error,' and that error [was] 'plain' at the time of appellate consideration." Corrected Appellee Supp. Br. at 6 (D.C. Cir. May 10, 2018) (citation omitted). Rather than decide whether that error required reversal, however, the Circuit remanded to this Court to determine in the first instance what effect, if any, Marinello has on Defendant's case. Because of the Government's concession, the Circuit specifically instructed that this Court should conduct an analysis only of whether the instructional error satisfied the final two prongs of plain-error review — namely, whether it affected substantial rights and seriously affected the

fairness, integrity, or public reputation of the judicial proceedings. See Remand Order at 1 (D.C. Cir. June 22, 2018).

This Court obtained additional briefing on these issues on remand, see ECF Nos. 88 (Gov't Brief), 90 (Def. Response), 92 (Gov't Reply), and in January issued an Opinion finding that the final two prongs were satisfied. It found that "evidence [was] lacking in the trial record to establish — under any of the Government's three theories of guilt — a relationship between those proceedings and any of Defendant's obstructive actions." United States v. Adams, 354 F. Supp. 3d 63, 66 (D.D.C. 2019). The Government now seeks reconsideration. See ECF No. 95 (Motion for Reconsideration).

## II.     Analysis

On rehearing, the Government challenges several portions of the Court's analysis. It first maintains that, because the Circuit's remand was a limited one, this Court lacks jurisdiction to vacate Heru-Bey's conviction and should instead have analyzed simply whether the third and fourth prongs of plain-error review were satisfied. Id. at 1–2. It next contends that an instruction the jury did receive in fact satisfied Marinello's requirements. Id. at 2–3. Alternatively, it argues that Defendant's substantial rights were not affected by the instructional error because a properly instructed jury would have convicted on its first theory of guilt, the false W-4s. Id. at 3–8. (The other two theories of guilt — the bankruptcy petition and unreimbursed employee expenses — the Government mentions only in a footnote in its opening brief. Id. at 8 n.3.) The Government concludes by urging that the absence of a special unanimity instruction, which would have indicated on which of the Government's theories the jury relied, should not change the result of the plain-error analysis. Id. at 8–9. The Court addresses each contention separately.

3

As to the first point — *viz.*, that the Court lacked jurisdiction to vacate the conviction — Heru-Bey agrees. See ECF No. 99 (Defendant's Response) at 3. As the Court concurs that the ultimate responsibility for vacating the conviction belongs to the Circuit here, it will grant the Government's Motion on that point and vacate the portion of its Order setting aside the conviction.

Next, the propriety of the instruction requires only a brief treatment. The Government now contends that the jury was sufficiently "instructed on the 'nexus' [element] required by Marinello" because it was told that to convict it must "find that [Heru-Bey's] conduct had a 'reasonable tendency to obstruct and impede' the IRS." Gov't Mot. at 2 (quoting 5 Tr. at 19). This is insufficient. As an initial matter, this position is peculiar because the Government already has conceded that "[i]f [Defendant's] trial occurred today, the failure to submit the nexus issue to the jury would be error." Corrected Appellee Supp. Br. at 6 (citation omitted); see also id. (acknowledging that there was "'error,' and that error [was] 'plain' at the time of appellate consideration"); ECF No. 88 (Government Opening Brief) at 11 (acknowledging "the jury was not instructed on [the nexus] requirement"). In any event, the instruction plainly does not satisfy Marinello because it lacks the required object. In other words, the jury was told that Defendant's actions must have a "reasonable tendency to obstruct or impede <u>the due administration of the internal revenue laws</u>," 5 Tr. at 19 (emphasis added), not "a <u>particular administrative proceeding</u>," as required by Marinello. See 138 S. Ct. at 1109 (emphasis added). As explained in the prior Opinion, this difference is what Marinello was all about. See Adams, 354 F. Supp. 3d at 66–67. The prior instruction, consequently, does not do the trick.

The Court can now move to the central argument in the Government's Motion. Focusing on its W-4 theory, the Government contends that those false filings did indeed have a nexus —

4

as contemplated by Marinello — with particularized IRS proceedings. It urges that the Court previously construed the nexus requirement too stringently, and, with the required showing properly understood, there was no reasonable probability that the outcome would have been altered had the jury been properly instructed. See Gov't Mot. at 3–8.

As before, the Court agrees that the IRS took some action in relation to Defendant that qualifies as a particularized proceeding for the purposes of Marinello. See Adams, 354 F. Supp. 3d at 66–67. To refresh, those proceedings involved the following: a letter in December 2006 warning him that he had failed to file a tax return in 2005; a letter in June 2008 regarding his failure to file returns in 2005 and 2006; a notification, weeks later, that the Government intended to prepare for Heru-Bey substitutes for return for 2005 and 2006, which were completed in July 2008; and in June 2009 the issuance of statutory notices of deficiency regarding tax years 2005 and 2006. Id. Finally, in May 2010, the Service promulgated a notice to Heru-Bey indicating it would levy his wages to collect his unpaid taxes. Id. at 67.

Those proceedings, however, "[are] not enough." Id. Marinello requires a nexus between them and Defendant's obstructive action, id., and, again, there is a reasonable probability that a properly instructed jury would determine it absent. The Government urges that the requisite connection is present because the filing of the false W-4 forms from 2009 and 2010 were related in "time, causation, and logic" to the IRS's targeted proceedings. See Gov't Mot. at 3. It contends that the nexus between the relevant proceedings and the 2010 W-4 is "especially direct" because Heru-Bey filed that form in March 2010, four months after the IRS had notified him of a formal assessment of past-due taxes and one month after it had informed Defendant's employer that it should begin withholding from his wages. Id. at 4–5.

5

These contentions — largely rehashed from the Government's first set of briefs — fare no better than they did before. First, even assuming that the Service's 2009 communications put Heru-Bey on notice that it was investigating a past tax deficiency, there is a reasonable probability a jury would conclude his false filings adjusting his future tax liabilities had no reasonable tendency to obstruct those particularized proceedings. Second, the purported February 27, 2010, notification to MPD to resume withholding taxes from Defendant's wages never appears in the record. In any event, assuming MPD did resume withholding in that timeframe at the Service's behest, there is no suggestion that Heru-Bey was aware of any IRS notice to his employer.

Rather than point to indicia of his awareness, the Government relies on temporal proximity. It contends that "[t]here is simply no doubt that defendant knew the IRS was attempting to collect taxes from him at that point, and that he falsely claimed exemption from withholding to stop the IRS's collection of his taxes." Gov't Reply at 2 n.1. This point elides important features of the timeline, however. In March 2010, when Defendant filed the final W-4 at issue, he was aware — based on notices from 2009 discussed above — that the IRS was investigating past tax years. He was not notified until May of 2010 — after he had filed his 2010 W-4 — that the Service would also initiate proceedings to collect from his wages the taxes he owed.

A related contention also founders on this same lack of notice. The Government contends that Heru-Bey's filings stopping future withholdings were obstructive of the investigation into past tax years because IRS regulations allow amounts from subsequent tax years to be allocated to satisfy earlier debts. See Gov't Mot. at 4. Without any indication that Heru-Bey was aware his future withholding status bore any relationship to the investigation of or

collection related to past tax years, however, any obstructive action lacks the requisite nexus to those proceedings.

The Government rejoins that this Court has adopted an unduly "narrow definition [of]" the nexus requirement. Id. at 7. Specifically, this case in its view is unlike Marinello, "in which a defendant was unaware of any targeted action against him by the IRS." Id. at 7–8. Here, "where a defendant is aware that the IRS is targeting him for the collection of taxes, the requirement of an IRS targeted proceeding is satisfied, and any attempt to corruptly obstruct the collection of taxes is a crime under § 7212." Id. at 6–7 (citing United States v. Miner, 774 F.3d 336, 346 (6th Cir. 2014); United States v. Faller, 675 Fed. App'x 557, 561 (6th Cir. 2017)).

This contention, however, ignores a central portion of Marinello. The targeted-proceeding requirement is not a mere threshold hurdle such that once there is such a proceeding, any interference with collection is culpable under § 7212. Rather, there must still be a nexus between a defendant's obstructive activity and the particularized proceeding; not all conduct that obstructs the IRS's operation after a defendant has knowledge of any particular proceeding will suffice for the purposes of § 7212. That is so in part because the Court in Marinello reasoned that § 7212 should not be read to criminalize conduct already proscribed by other statutory provisions, such as failure to furnish a required statement to employees, failure to keep required records, or filing a false W-4. See 138 S. Ct. at 1107–08. Just because a defendant may violate a separate portion of the Internal Revenue Code after becoming aware of a targeted proceeding does not necessarily mean that he has violated § 7212.

The Court, accordingly, stands by its previous conclusion that, properly instructed, a jury would reasonably conclude that the Government's W-4 theory would be insufficient to convict. As its other theories — the bankruptcy petition and unreimbursed employee expenses — are only

7

mentioned in a footnote in its opening brief, see Gov't Mot. at 8 n.3, the Court need not address them. In any event, nothing in that brief treatment alters its previous analysis of those theories. Finally, the parties' dispute about the effect of the absence of a special unanimity instruction is not relevant here: if none of the three theories is sufficient to sustain the conviction, it does not matter on which the jury relied.

## III. Conclusion

For these reasons, the Court will grant in part and deny in part the Government's Motion. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 18, 2019